No. 8784.
Orleans Appeal.

JOSEPH WILLIAMS, Appellant, v. EUGENE A. GARCIA.

(March 30, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Automobiles—Par. 4; Municipalities—Par. 225.
When a chauffeur drives a car on the left and wrong side of a street, and a car coming from an opposite direction swerves to the left in order to avoid a collision, and thus brings about a collision, the fault will be attributable to the chauffeur.
(Civil Code, Art. 2315. Editor's note.)

Appeal from Civil District Court, Hon. Percy Saint, Judge.

This is a damage suit resulting from an automobile collision. Judgment dismissed plaintiff's suit and defendant's reconventional demand. Plaintiff appealed. Judgment rejecting plaintiff's demand affirmed and rejecting defendant's reconventional demand reversed.

Sol. Weiss, J. D. Dresner, attorneys for plaintiff and appellant.

Jos. H. Brewer, attorney for defendant and appellee.

CLAIBORNE, J. This is a damage suit resulting from an automobile collision.

Plaintiff alleges that in May, 1920, at 11:30 p. m. he was driving his auto uptown upon the wood side of St. Charles Avenue, and upon the right hand side thereof near the sidewalk curbing; that at that time the River side of the Avenue was in course of repairs and closed to traffic, so that there was a two-way traffic, uptown and downtown, upon the wood side of the Avenue upon which the plaintiff was driving; that just after plaintiff had passed beyond Felicity Street an automobile was coming downtown towards plaintiff upon the same side of the Avenue and same side of the street operated by the defendant; that said automobile negligently ran into plaintiff's automobile although it was about four feet from the sidewalk and although there was ample room between plaintiff's auto and the neutral ground for at least two automobiles to pass; that plaintiff's automobile came to a sudden stop which threw him out of his seat and caused him to strike his chest against the front frame of the automobile and rendered him unconscious; that he was taken to the Charity Hospital, thence to his home where he was in bed for two weeks and away from his work seven weeks; that he has suffered the following damages:

Suffering ____ _____$1,000.00
Damage to auto_____ _____  75.00
Dr. Williams, 20 visits_____ _____  60.00
Medicines ____ _____  30.65
Time lost from work as cotton
  truck driver 42 days at $5.90_____ 247.08
                                        _____
                                        $1,412.73

Defendant denied any indebtedness to plaintiff, but averred on the contrary that plaintiff was indebted unto him in the sum of $805.95. He denied that plaintiff was driving his automobile on the right hand side near the sidewalk curb, but averred that on the contrary the plaintiff was driving at an excessive rate of speed up St. Charles Avenue on the wood side of the neutral ground, and that instead of driving on the right hand side near the sidewalk curbing, the plaintiff was driving along the curbing of the neutral ground, keeping to his left in violation of law and custom, and directly in the face of traffic coming down the Avenue; that he, the defendant, was driving his automobile down St. Charles Avenue on the wood side of the Avenue, and along the curbing of the neutral ground of the Avenue nearest the wood; that he observed plaintiff's automobile driving up the Avenue and hugging the curbing of the neutral ground and running at great speed; that he brought his auto to a very slow speed and blew his horn; that it was only when plaintiff was about to collide with him that the plaintiff swerved to the right and that in doing so plaintiff's automobile struck defendant a glancing blow, doing him the following damage:

Repairs to automobile_____$115.45
Parts to replace broken parts_____  64.50
Depreciation of defendant's car due
  to above damage _____ 500.00
Loss of the use of the car during re-
  pairs _____ 125.00
                                          _____
  Total _____$805.95

The trial judge found that the preponderance of evidence was not with the plaintiff and therefore dismissed his suit. He also stated that he was uncertain as to which driver actually was to blame and for that reason dismissed the reconventional demand.

The plaintiff has appealed.

The defendant has filed an answer to the appeal, praying for judgment on his reconventional demand.

Plaintiff testified that he was driving up St. Charles Avenue on the wood side driveway, within two or three feet of the sidewalk, at a reasonable speed of ten or twelve miles; that the defendant was driving down

the same Avenue upon the same driveway and also within a few feet of the sidewalk curbing; that the two automobiles met in a head-on collision. The plaintiff is corroborated in his testimony by two disinterested witnesses, Sam Adams and Willie Wilson, strangers to the plaintiff.

On the other hand the defendant, Garcia, and Rene Commerville, a passenger in defendant's car at the time of the collision, both swear with emphasis, that defendant was driving his car down on the wood side driveway of the avenue because he had been turned away by an officer from the River side, which was undergoing repairs; that he was driving to his right close to the neutral ground; that the plaintiff was driving up town upon the same side of the Street and also close to the neutral ground, and that the plaintiff ran into them at an excessive rate of speed.

It is our duty to reconcile the testimony and to place the blame where it belongs. A careful reading and weighing of the testimony have convinced us that the following are the facts:

The plaintiff, as many others do, was running up the wood side of the Avenue along the neutral ground curbing in violation of the traffic ordinances, and forgetful, or in ignorance, of the fact that the River side of the Avenue had been closed to traffic and that the wood side was serving both the uptown and the downtown traffic, and that a car going uptown hugging the neutral ground was likely to meet another car going downtown also close to the neutral ground. The witness Commerville testifies that when the plaintiff came rushing towards them and when they saw that if both they and the plaintiff continued in their course that an accident was inevitable, that Garcia swerved to his left towards the center of the street, and just as he did that, the plaintiff himself, for the same reason, swerved to his right; that plaintiff's car then struck defendant's car on the right side near the door, and that both cars were driven towards the sidewalk. This conclusion is supported by the relative position of the cars after the collision.

It is true that if defendant had not swerved to the left that the collision would not have occurred; but the swerving was brought about by the fault of the plaintiff.

There are many contradictions and inconsistencies in the testimony of the plaintiff and of his two witnesses which weaken their evidence.

With this view of the case the judgment of the trial court rejecting plaintiff's demand must be affirmed. But the judgment rejecting the demand in reconvention must be reversed.

We are of the opinion that the defendant has proved the damages of $116.45 and of $64.50, but that he has failed to establish the two other items of $500 and of $125.

It is therefore ordered that the judgment appealed from in favor of defendant rejecting plaintiff's demand be affirmed; and that the judgment in favor of plaintiff rejecting defendant's reconventional demand be reversed and set aside. And it is now ordered that the plaintiff Joseph Williams be condemned to pay to the defendant Eugene A. Garcia the sum of One Hundred and Eighty and 95/100 Dollars with 5 per cent per annum interest from May 27, 1921, till paid and all costs of suit.

Judgment rejecting plaintiff's demand affirmed and judgment rejecting defendant's reconventional demand reversed.